NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRANKO KRSTIC, TICA MILENKO, NOVE KOROSKOSKI AND MLADEN DRASCOVICI,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>J.R. CONTRACTING & ENVIRONMENTAL CONSULTING, et al.,<br><br>　　　　　　　　　　　Defendants. | Civil Action No.: 09-CV-2459 (PGS)<br><br>MEMORANDUM AND ORDER |

**SHERIDAN, U.S.D.J.**

This matter comes before the court on Plaintiffs' motion for conditional certification of a Fair Labor Standards Act (FLSA) collective action and judicial notice. Plaintiffs' motion is hereby denied without prejudice for the following reasons.

I.

Plaintiffs allege that Defendants failed to pay overtime for hours worked beyond 40 hours per week in violation of state and federal law. Pursuant to the FLSA, non-exempt employees must be paid overtime (time and a half for all hours over 40). 29 U.S.C. §207(a)(1). Plaintiffs assert that they and other "similarly situated" employees that worked in "construction-related" trades should be entitled to remedies provided under FLSA. As such, plaintiffs seeks to bring a collective action under the FLSA. In this instant motion Plaintiffs seek conditional certification.

II.

In 1938, Congress enacted the FLSA to govern the maintenance of standard hour and wage practices. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (E.D.Pa 2002). The FLSA requires employers to pay their employees at least a specified minimum hourly wage for work performed, 29

U.S.C. § 202, and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week. 29 U.S.C. § 207.

The FLSA allows "one or more employees to pursue an action in a representative capacity for 'other employees similarly situated.'" *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 496 (D.N.J. 2000). Furthermore, collective actions under the FLSA require that each employee "gives his consent in writing to become" a participant in a collective action. 29 U.S.C. § 216(b). The burden is on the plaintiff to show that the proposed collective action satisfies two basic requirements. They are that (1) collective action members must be "similarly situated" and (2) members must affirmatively consent to join the action or "opt-in". *Armstrong v. Weichert*, 2006 WL 1455781, at *1 (D.N.J. May 19, 2006).

Neither the Third Circuit nor the Supreme Court have specifically defined the "similarly situated" requirement of § 216(b), but generally, the two-tier test is utilized. *Id.* (citing *Moeck v. Gray Supply Corp.*, 2006 WL 42368, at *4 (D.N.J. Jan. 26, 2006)). During the first stage (the notice stage), the court determines whether notice should be given to potential collective action members, based on limited discovery that demonstrates the employees are similarly situated. *Moeck*, 2006 WL 42368, at *4. The courts typically examine the pleadings and affidavits in support of or in opposition to the proposed collective action and determine whether members are "similarly situated." *Masson v. Ecolab, Inc.*, 2005 WL 2000133, at *13 (S.D.N.Y. Aug. 17, 2005) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d, 1207, 1213-14 (5th Cir. 1995)). "In this early phase, courts employ a relatively lenient evidentiary standard in determining whether a collective action is appropriate." *Masson*, 2005 WL 2000133, at *13. "The inquiry at the inception of the lawsuit (step 1) is less stringent than the ultimate determination that the class is properly constituted (step 2)." *Id.; accord Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995).

Plaintiffs must show "a factual nexus between their situation and the situation of other

current and former [employees] sufficient to determine that they are 'similarly situated.'" *Hoffman v. Sbarro Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997). Thus, "the merits of plaintiffs' claims need not be evaluated nor discovery be completed in order for such a notice to be approved and disseminated." *Masson*, 2005 WL 2000133, at *3 (citing *Hoffman*, 982 F.Supp. at 262).

"As a matter of sound case management, a court should, before offering such assistance, make a preliminary inquiry as to whether a manageable exists. Moreover, the sending of notice and consent forms to potential plaintiffs implicates concerns in addition to orderly case management. The courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 -67 (D.Minn. 1991).[1]

III.

Plaintiffs seek preliminary approval for service of a collective action notice pursuant to the FLSA, under which standard for step one notice is lenient. While the burden is not high, plaintiff is required to make a "modest factual showing." *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005). At this point in time, it is not appropriate to grant this motion based upon even a requirement of a "modest factual showing."

On November 16, 2009, the Court decided Defendants' Motion to Dismiss in lieu of an Answer pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 12(b)(1). The Court held that:

> In summary, the complaint alleges "in approximately 2003 Defendants engaged in a policy and practice requiring employees to regularly work in excess of forty hours" without paying overtime. The plaintiffs may have worked on "public works projects" (these projects are listed on an exhibit to the complaint); however, the complaint does not state any particulars such as the week or day upon which

---

[1] This does not suggest that Plaintiffs' request for notice in this case is in any way improper.

> overtime was due and was not paid. In addition, there is no estimate of the uncompensated overtime hours, and there is no precise time frame when this alleged failure to pay overtime occurred. Hence, the complaint does not relate any specific job function, contract and dates on which overtime compensation was not paid.

(Opinion p. 3.) The Court ordered that Plaintiffs must file a more definite statement of the case pursuant to Rule 12(e) because the pleadings were vague and ambiguous and prejudiced the Defendants. Plaintiffs' current motion to send out the notice of conditional certification was filed on November 6, 2009 before the Court ruled on Defendants' motion to dismiss. Defendants' opposition to the instant motion was filed on November 30, 2009. Plaintiffs did not file an amended complaint until December 8, 2009. Plaintiffs' motion for conditional certification is filed with respect to the initial complaint, which the Court determined was ambiguous and vague.

Plaintiffs seek conditional certification of the following similarly situated individuals:

> The plaintiffs and all current and former employees of J.R. CONTRACTING & ENVIRONMENTAL CONSULTING (hereinafter "J.R.") who worked in construction-related trades, including but not limited to hazardous abatement workers, demolition workers, and teamsters, related to J.R.'s construction business from May 21, 2003, through the present (the "Class"). Corporate officers, shareholders, directors, and administrative employees are not part of the defined class.[2]

The Court, however, specifically held that the initial complaint was not clear as to dates, job functions, or employee descriptions. Likewise, the Court cannot find that this notice is based on any "modest facts" where the Court already found the initial complaint lacking in specific allegations. The Court ordered Plaintiffs' to file an amended complaint, which was filed after briefing was

---

[2] Plaintiffs define members of a proposed collection action as the "Class" but it is important to distinguish between a collection action under the FLSA and a proposed class action under Rule 23. Here, we are exclusively dealing with a conditional certification of a collective action under the FLSA. *See, e.g., Bayles v. Am. Medical Response of Colorado, Inc.*, 950 F. Supp. 1053 (D. Col. 1996) (distinguishing Rule 23 class actions and FLSA collective actions); *Masson*, 2005 WL 2000133, at *13 (" The class action requirements of Fed.R.Civ.P. 23 do not apply to the approval of a collective action under the FLSA.").

complete on the instant motion.[3]

Additionally, the previous Opinion held that some discovery was required with respect to mandatory arbitration agreements to determine which Plaintiffs could proceed under the FLSA. The Court is still unclear as to whether it has subject matter jurisdiction over all plaintiffs in this action, if arbitration is appropriate. The Court ordered that discovery concerning the arbitration agreements be completed by February 16, 2010. As such the request is premature. To consider Plaintiffs' motion for conditional certification the issue of subject matter jurisdiction must be resolved. Finally, there is an issue with regard to statute of limitations, which must be addressed in the revised pleadings. Both the arbitration and statute of limitation issues may alter the nature of this case, and thus, may alter any potential notice of conditional certification that is issued.

For the foregoing reasons Plaintiffs' motion for conditional certification of a collective action under the FLSA was prematurely filed and is denied without prejudice

January 28, 2010

_____
PETER G. SHERIDAN, U.S.D.J.

---

[3] Further, the Defendants have not had an opportunity to oppose the instant motion after the amended complaint was filed.

5